# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>CARLOS SERRANO-RESTREPO<br><br>Defendant. | CASE NO. 2:24-CR-00107<br><br>JUDGE EDMUND A. SARGUS, JR. |

## SENTENCING MEMORANDUM OF THE UNITED STATES

The United States of America, by and through its counsel of record, hereby submits the following sentencing memorandum to aid the Court in its consideration of sentencing issues in this case. This sentencing memorandum is based upon the Presentence Investigation Report ("PSR") in this case, and any further evidence or argument as may be presented at any sentencing hearing in this matter.

        Respectfully submitted,

        KELLY A. NORRIS
        Acting United States Attorney

        s/Heidy T. Carr
        HEIDY T. CARR (0093524)
        Special Assistant United States Attorney
        ELIZABETH A. GERAGHTY (0072275)
        Assistant United States Attorney
        303 Marconi Boulevard, Suite 200
        Columbus, Ohio 43215
        Office: (614) 469-5715
        E-mail:  Heidy.Carr@usdoj.gov
                      Elizabeth.Geraghty@usdoj.gov

**MEMORANDUM**

Defendant, Carlos Serrano-Restrepo ("Serrano-Restrepo"), is scheduled to appear before this court for sentencing on May 22, 2025. The United States respectfully requests that the Court impose a term of probation to be determined by the Court, as agreed upon by both parties in the Plea Agreement (DOC #: 33). This request is based on the grounds that such a sentence is both reasonable and appropriate, given the circumstances of the case, and is legally supported.

The Probation Officer calculated Serrano-Restrepo's advisory sentencing range under the United States Sentencing Guidelines as 57-71 months of imprisonment, based on a Total Offense Level of 25 and a Criminal History Category of I. (PSR PAGEID #: 471). There are no outstanding objections to the PSR.

The federal Sentencing Guidelines are not mandatory, however factors listed in 18 U.S.C. §3553(a) must be considered. Ultimately, a sentence must be reasonable. United States v. Jackson, 408 F.3d 301, 304 (6th Cir. 2005) (citing Booker, 543 U.S. at 260). In this case, the Government believes the most pertinent factors that the Court should consider are:

1. The nature and circumstances of the offense and the history and characteristics of the defendant;
2. The need for the sentence imposed-
    a. To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    b. To afford adequate deterrence to criminal conduct;
    c. To protect the public from further crimes of the defendant; and
    d. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Serrano-Restrepo has no criminal record as indicated in the PSR. While the Government would like to emphasize the dangers of possessing firearms by prohibited individuals, the Government also understands that this case may be considered an outlier. Firearms are inherently

2

dangerous and Serrano-Restrepo had over 170 of them. The firearms, however, were located in a locked closet in Serrano-Restrepo's residence, even when police executed their search warrant. All the firearms that officers determined were purchased by Serrano-Restrepo were accounted for when the search warrant was executed. In addition, all the firearms were purchased from a Federal Firearms Licensee (FFL) and were not stolen.

Serrano-Restrepo is a prohibited person because he entered the United States of America unlawfully and without proper documentation. Since Serrano-Restrepo entered the United States in 2008, however, he has not incurred a criminal conviction other than the instant offense and has opened a company for which he is the owner. (PSR ¶ 57). Serrano-Restrepo has filed valid tax returns yearly since becoming the owner of his company (PSR ¶ 58). Prior to owning his company, Serrano-Restrepo was still employed in various occupations including being a driver for a pizzeria, valet, and working construction. (PSR ¶ 59).

While deterrence in cases that include firearms are especially important due to the inherently dangerous nature of firearms, the Government believes that deterrence can occur in various forms. In this case, the Government believes that probation would be the best form of deterrence for Serrano-Restrepo as his history has shown that he can, for the most part, abide by the law. Serrano-Restrepo has filed the appropriate paperwork to become employed in the United States and has filed for Asylum, which allows him to temporarily remain in the United States until a ruling is rendered. Serrano-Restrepo has also been on pretrial supervision during the pendency of this case and has not had any violations. He has abided by all supervision terms and has kept in contact with his probation officer.

Consistent with all these facts and in consideration of the applicable 18 U.S.C. §3553(a) factors, the United States respectfully recommends a term of probation to be determined by the

3

Court. The above-described circumstances suggest that such a sentence is warranted. This sentence would also be reasonable under the rationale of Booker, 543 U.S. 220 (2005); United States v. Henry, 545 F.3d 367, 385 (6th Cir. 2008).

## CONCLUSION

For the foregoing reasons, the United States submits that a term of probation to be determined by the Court is sufficient, but not greater than necessary, to satisfy the goals of sentencing. Accordingly, the Government respectfully requests that the Court adopt the recommendation set forth in this memorandum as reasonable and appropriate in this case.

Respectfully submitted,

KELLY A. NORRIS
Acting United States Attorney

s/Heidy T. Carr
HEIDY T. CARR (0093524)
Special Assistant United States Attorney
ELIZABETH A. GERAGHTY (0072275)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Office: (614) 469-5715
E-mail:  Heidy.Carr@usdoj.gov
                Elizabeth.Geraghty@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Sentencing Memorandum was served this 5th day of May 2025, electronically upon counsel of record for the defendant.

                                              s/Heidy T. Carr
                                              HEIDY T. CARR (0093524)
                                              Special Assistant United States Attorney